IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE McDANIEL, ISREAL OWEN )
HAWKINS, JOSHUA TRIBBLE, )
and NICOLE TRIBBLE, individually )
and on behalf of all others similarly )
situated, )
                                                     )
                  Plaintiffs, )
vs. ) Case No. 03-2210-GTV
                                                     )
SOUTH & ASSOCIATES, P.C., )
                                                     )
                  Defendant. )

**PLAINTIFFS DALE McDANIEL, JOSHUA TRIBBLE AND
NICOLE TRIBBLE'S REPLY TO DEFENDANT'S MEMORANDUM IN
OPPOSITION TO PLAINTIFFS DALE McDANIEL, JOSHUA TRIBBLE AND
<u>NICOLE TRIBBLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

The parties have filed cross-motions for summary judgment. This brief is submitted in reply to Defendant's Memorandum in Opposition to Plaintiffs Dale McDaniel, Joshua Tribble and Nicole Tribble's Motion for Partial Summary Judgment. In replying to Defendant's Memorandum in Opposition, Plaintiffs set forth the arguments herein and incorporate all of the statements and arguments contained in Plaintiffs' prior briefs submitted on the issues raised by both parties' motions for summary judgment. It is clear that there are no disputed material facts and that Plaintiffs' motion for summary judgment should be granted.

**PLAINTIFFS' REPLY TO DEFENDANT'S**
**RESPONSES TO STATEMENT OF UNCONTROVERTED FACTS**

Defendant admits nearly all of Plaintiffs' statement of uncontroverted facts. Plaintiff provides the following reply to those factual statements Defendant attempts to dispute.

14 & 28.   Defendant contends that it is not a "debt collector" regarding its attempts to collect the Plaintiffs' loan obligations and foreclose on their mortgages. Defendant tries to mislead this Court by arguing that it was merely foreclosing on Plaintiffs' mortgages.  Defendant's assertion is untruthful in that Defendant sought both personal judgments against Plaintiffs on Plaintiffs' loan obligations as well as foreclosure on the mortgages securing the loan obligations.  Furthermore, Defendant acknowledged in all of its communications with Plaintiffs, including the Petitions, that it was attempting to collect a debt.  It is incongruous that Defendant now claims that it was not trying to collect a debt.

21.   Plaintiffs' statement here is not misleading.  It is uncontroverted that Defendant's Petition against the Tribbles was filed on January 29, 2003, and served on the Tribbles on February 3, 2003.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**ADDITIONAL STATEMENT OF FACTS**

Plaintiffs do not dispute Defendant's additional factual statement set forth in ¶ 70.

**ARGUMENT**

Plaintiffs allege that Defendant violated the Fair Debt Collections Practices Act (FDCPA) by failing to cease all collection activity after Plaintiffs notified Defendant that the alleged debts were disputed and requested that Defendant verify the alleged debts.

The parties have extensively briefed the issues raised in their respective motions for summary judgment. Plaintiffs now file this Reply to address the new issues raised by Defendant in its Response to Plaintiffs' motion for summary judgment.

I. **DEFENDANT'S ACTIONS TOWARD PLAINTIFFS WERE DEBT COLLECTION.**

Once again Defendant contends that it was only foreclosing on Plaintiffs' mortgages and not trying to collect the underlying debts. As set forth in Plaintiffs' Memorandum in Support of their Motion for Partial Summary Judgment (pp. 11-12) and Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment (pp. 6-7), Defendant clearly attempted to collect the underlying loan obligations allegedly owed by Plaintiffs.

Defendant characterizes its actions as simply "mortgage foreclosure." This argument is incredible in light of the fact that Defendant's Petitions against Plaintiffs specifically sought personal judgments against the Plaintiffs. The fact that Defendant sought personal judgments against the Plaintiffs, in addition to mortgage foreclosure, distinguishes this case from all the cases cited by Defendant that held mere foreclosure activity to not be debt collection. Defendant's actions were debt collection and subject to the regulations of the FDCPA.

II. **ALL COMMUNICATIONS AND ACTIONS BY DEFENDANT WERE DEBT COLLECTION.**

Defendant appears to assert that only the filing of its initial petitions is debt collection activity under the FDCPA. To the contrary, every communication and action regarding the alleged debt or litigation was collection activity. The term "communication" means the conveying of information regarding a debt directly or

3

indirectly through any medium.  *See* 15 U.S.C. § 1692a(2).  All litigation activities by debt collectors are covered by the FDCPA.  *See Heintz v. Jenkins*, 514 U.S. 291 (1995) ("The Act does apply to lawyers engaged in litigation … In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts.").  The filing of an amended petition and the mailing of litigation notices are debt collection activities that are covered by the FDCPA.  Defendant violated the FDCPA by communicating with Plaintiffs regarding the alleged debts and/or litigation after receiving Plaintiffs dispute letters.

## CONCLUSION

Defendant violated the Fair Debt Collection Practices Act by failing to cease collection of the Plaintiffs' debts during the time between the date Defendant received Plaintiffs' verification requests and the date Defendant mailed its verification responses.  Partial summary judgment on the issue of liability should be awarded in favor of the Plaintiffs on these violations.  Plaintiffs request that the Court enter its order requiring Defendant to comply with the FDCPA and permanently restraining Defendant from continuing collection activities during the time between the date Defendant receives a timely debt verification request and the date Defendant mails a proper debt verification response.  Lastly, Plaintiffs request that damages for both themselves and the putative Class be determined at trial before a jury.

        Respectfully submitted,

        **HILL, BEAM-WARD, KRUSE**
         **& WILSON, L.L.C.**


        **/s/ Greg Wright**
        W. GREG WRIGHT, KS # 18352
        GEOFFREY CLARK, KS # 18909
        MARK BEAM-WARD, KS # 10071
        8695 College Boulevard, Suite 200
        Overland Park, Kansas 66210
        (913) 339-6888
        (913) 339-9653 facsimile

        *ATTORNEYS FOR PLAINTIFFS*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of March, 2004, this document was electronically filed with the Clerk of the Court using the CM/ECF system which notifies the following electronic filing participants of such filing:

J. Nick Badgerow
Daniel B. Boatwright
Katherine Miller
Spencer, Fane, Britt & Browne, L.L.P.
9401 Indian Creek Parkway, Suite 700, Bldg 40
Overland Park, KS 66210-2005

        /s/ W. Greg Wright
        W. GREG WRIGHT